445200.2
WATANABE ING LLP
A Limited Liability Law Partnership

JONATHAN W. Y. LAI          6504-0
ASHLEY R. MASUOKA           7043-0
First Hawaiian Center, 23rd Floor
999 Bishop Street
Honolulu, Hawaii 96813
Telephone No.: (808) 544-8300
Facsimile No.: (808) 544-8399
E-mail: jlai@wik.com

Attorneys for Plaintiff
**HAWAII STATE FEDERAL CREDIT UNION**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re: | Case No. 10-02413 (Chapter 7) |
| PACIFICA SABIO UPTON-EDENFIELD, | |
| Debtor. | |
| HAWAII STATE FEDERAL CREDIT UNION, a federal credit union, | ADV. PRO. NO. 10-90140 |
| Plaintiff, | FINDINGS OF FACT AND CONCLUSIONS OF LAW |
| vs. | |
| PACIFICA SABIO UPTON EDENFIELD, also known as PACIFICA S. EDENFIELD, formally known as PACIFICA UPTON, individually and as Trustee of the Pacifica S. Edenfield Revocable Living Trust dated February 13, 2003, | HEARING:<br>DATE: June 14, 2011<br>TIME: 2:00 p.m.<br>Judge Robert J. Faris |
| Defendant. | |

Plaintiff HAWAII STATE FEDERAL CREDIT UNION's ("HSFCU") Motion for Default Judgment Filed on April 28, 2011 came on for hearing before the Honorable Robert J. Faris on June 14, 2011 at 2:00 p.m. Jonathan W. Y. Lai, Esq. appeared on behalf of HSFCU; no other appearances were made. Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure and Rule 7052 of the Federal Rules of Bankruptcy Procedure, the Court having heard and considered the evidence presented, and being fully advised in the premises, finds as follows:

## FINDINGS OF FACT

1. HSFCU is and was at all time relevant a federal credit union with its principal place of business in the City and County of Honolulu, State of Hawaii.

2. Defendant PACIFICA SABIO UPTON EDENFIELD, also known as PACIFICA S. EDENFIELD, formally known as PACIFICA UPTON, individually and as Trustee of the Pacifica S. Edenfield Revocable Living Trust dated February 13, 2003 ("Defendant") is, and was at all times relevant, a resident of the City and County of Honolulu, State of Hawaii.

3. On or about October 15, 2008, Defendant filled out that certain Loanliner Application form requesting a personal loan in the amount of FIFTY-TWO THOUSAND TWO HUNDRED TWENTY FOUR AND 50/100 DOLLARS ($52,224.50) ("Personal Loan Application") and delivered it to HSFCU.

U.S. Bankruptcy Court - Hawaii #10-90140 Dkt # 18 Filed 08/30/11 Page 2 of 9

4. Defendant stated in the Personal Loan Application that she owned Island Hypnotherapy and had a gross monthly income of $18,993.33.

5. In her bankruptcy schedules and at the creditors's meeting, Defendant then indicated that she never had an ownership interest in Island Hypnotherapy and has been retired since about 1990.

6. In reliance on the statements made in the Personal Loan Application, on or about October 15, 2008, HSFCU made a loan in the principal amount of FIFTY-TWO THOUSAND TWO HUNDRED TWENTY FOUR AND 50/100 DOLLARS ($52,224.50) to Defendant as evidenced by that certain Loanliner Open-End Signatures PLUS, Credit and Security Agreement, that certain Loanliner Open-End Disbursement Receipt Plus and that certain Loanliner Security Agreement dated October 15, 2008 in the principal amount of $52,224.50.

7. Defendant failed, neglected, and refused to make payment to HSFCU under the Personal Loan Note.

8. Due to Defendant's default under the Personal Loan Note, the entire amount of indebtedness under the Personal Loan Note was accelerated and immediately due and payable.

9. On or about October 13, 2008, Defendant filled out that certain Loanliner Application form requesting a "max equity" loan ("Equity Loan Application") and delivered it to HSFCU.

U.S. Bankruptcy Court - Hawaii #10-90140 Dkt # 18 Filed 08/30/11 Page 3 of 9

10. Defendant stated in the Equity Loan Application that she was a therapist for Island Hypnotherapy and had a net monthly income of $17,000.00; she also provided HSFCU with documents purporting to be pay stubs to verify her stated income.

11. In her bankruptcy schedules and at the creditors's meeting, Defendant then indicated that she never had an ownership interest in Island Hypnotherapy and has been retired since about 1990.

12. In reliance on the statements made in the Equity Loan Application and the verification of income submitted, on or about December 24, 2008, HSFCU made a loan in the principal amount not to exceed ONE HUNDRED TWENTY SEVEN THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($127,500.00) to Defendant as evidenced by that certain Loanliner Open-End Home Equity Credit Agreement and Truth in Lending Disclosure dated December 24, 2008 in the amount not to exceed $127,500.00 (the "Equity Loan Note").

13. As security for repayment of the Equity Loan Note and the performance and the observance of the obligations of Defendant, Defendant granted, executed, and delivered to HSFCU that certain Revolving Credit Mortgage dated December 24, 2008, which was recorded in the Bureau of Conveyances of the State of Hawaii as Document No. 2008-194907 (the "Mortgage") covering and granting HSFCU a mortgage lien and security interest in and to the real and personal property described therein and comprising a

U.S. Bankruptcy Court - Hawaii   #10-90140   Dkt # 18   Filed 08/30/11   Page 4 of 9

portion of the "Kawaihae Crescent East" condominium project and situated at 486 Kawaihae Street, #486F, Honolulu, Hawaii 96825, Tax Map Key No. (1) 3-9-030-065 CPR 0011 (the "Mortgaged Property").

14. Defendant failed, neglected, and refused to make payment to HSFCU under the Equity Loan Note and Mortgage.

15. Due to Defendant's default under the Equity Loan Note, the entire amount of indebtedness under the Equity Loan Note and Mortgage was accelerated and immediately due and payable.

16. Defendant filed for Chapter 7 bankruptcy protection on August 5, 2010.

17. On September 23, 2010, HSFCU obtained relief from the automatic stay to pursue its rights and remedies against the Mortgaged Property.

18. On February 18, 2011, the Mortgaged Property was auctioned at a non-judicial foreclosure sale and sold subject to the first mortgage to 486-F Kawaihae LLC for a bid of $751.00.

19. The closing on the sale of the Mortgaged Property occurred on March 18, 2011 and proceeds of $751.00 from the sale were applied to the amounts due and owing to HSFCU under the Personal Loan and the Equity Loan.

20. As of June 24, 2011, the following amounts are due and owing under the Personal Loan:

U.S. Bankruptcy Court - Hawaii   #10-90140   Dkt # 18   Filed 08/30/11   Page 5 of 9

|  |  |
|---|---|
| Principal Balance: | $ 46,313.18 |
| Interest (to 06/24/11): | 7,523.11 |
| **TOTAL:** | **$ 53,836.29** |

Interest continues to accrue at a rate of 9.750% per year, together with late charges accruing pursuant to the terms of the Personal Loan.

21. Attorneys fees of $3,865.44 and costs of $15.98 have been and/or will be incurred for the collection of the Personal Loan.

22. As of June 24, 2011, HSFCU is owed the following amounts under the Equity Loan:

|  |  |
|---|---|
| Principal Balance: | $ 125,465.64 |
| Interest (to 06/24/11): | 11,375.18 |
| **TOTAL:** | **$ 136,840.82** |

Interest continues to accrue at a rate of 5.250% per year, together with late charges accruing pursuant to the terms of the Equity Loan Note.

23. Attorneys fees of $23,980.10 and costs of $4,423.99 have been and/or will be incurred for the collection of the Equity Loan.

24. Attorneys fees of $6,014.13 and costs of $583.51 have been and/or will be incurred for the current adversary proceeding.

U.S. Bankruptcy Court - Hawaii   #10-90140   Dkt # 18   Filed 08/30/11   Page 6 of 9

## CONCLUSIONS OF LAW

Of the foregoing Findings of Fact, the Court makes the following Conclusions of Law, which insofar as they may be considered Findings of Fact, are also found by this Court to be true in all respects:

1. This Court has jurisdiction over the subject matter of this case and over the person of all parties.

2. In the Personal Loan Application and the Equity Loan Application, Defendant made statements in writing concerning her monthly income that were materially false.

3. Defendant provided income verification that was materially false.

4. Defendant produced said income verification and made such statements regarding her financial condition in the Personal Loan Application and Equity Loan Application in an effort to deceive Plaintiff into providing her with the requested loans.

5. When lending the Defendant money, HSFCU reasonably relied on the Defendant's statements regarding her financial condition in the Personal Loan Application and the Equity Loan Application.

6. HSFCU is owed the following amounts under the Personal Loan as of June 24, 2011 and such amounts are not

U.S. Bankruptcy Court - Hawaii #10-90140 Dkt # 18 Filed 08/30/11 Page 7 of 9

discharged by the Defendant's chapter 7 bankruptcy filing identified as Case No. 10-02413:

| | |
|---|---|
| Principal Balance: | $ 46,313.18 |
| Interest (to 06/24/11): | 7,523.11 |
| **TOTAL:** | **$ 53,836.29** |

Interest continues to accrue at a rate of 9.750% per year, together with late charges accruing pursuant to the terms of the Personal Loan Note.

7. HSFCU is owed the following amounts under the Equity Loan as of June 24, 2011 and such amounts are not discharged by the Defendant's chapter 7 bankruptcy filing identified as Case No. 10-02413:

| | |
|---|---|
| Principal Balance: | $ 125,465.64 |
| Interest (to 06/24/11): | 11,375.18 |
| **TOTAL:** | **$ 136,840.82** |

Interest continues to accrue at a rate of 5.250% per year, together with late charges accruing pursuant to the terms of the Equity Loan Note.

8. Plaintiff has also incurred attorneys' fees and costs in connection with this matter and such amounts are also due and owing under the terms of the Personal Loan Note and the Equity Loan Note.

9. Attorneys fees of $3,865.44 and costs of $15.98 have been and/or will be incurred for the collection of the Personal Loan.

U.S. Bankruptcy Court - Hawaii #10-90140 Dkt # 18 Filed 08/30/11 Page 8 of 9

10. Attorneys fees of $23,980.10 and costs of $4,423.99 have been and/or will be incurred for the collection of the Equity Loan.

11. Attorneys fees of $6,014.13 and costs of $583.51 have been and/or will be incurred for the current adversary proceeding.

DATED: Honolulu, Hawaii, AUG 3 0 2011 .

_____
UNITED STATES BANKRUPTCY JUDGE

In re: Pacifica Sabio Upton-Edenfield; Case No. 10-02413 (Chapter 7); Hawaii State Federal Credit Union v. Pacifica Sabio Upton Edenfield; Adv. Proceeding No. 10-90140
FINDINGS OF FACT AND CONCLUSIONS OF LAW

- 9 -

U.S. Bankruptcy Court - Hawaii   #10-90140   Dkt # 18   Filed 08/30/11   Page 9 of 9